24-1198

---

# United States Court of Appeals for the Federal Circuit

---

**ALBERT NELSON LOBO,**
**Petitioner,**

**v.**

**DEPARTMENT OF JUSTICE,**
**Respondent.**

---

**Petition for Review of the Bureau of Justice Assistance Decision in Case No. 2015-DIS-039**

---

## REPLY BRIEF FOR PETITIONER

---

**Brian W. Collins,**

**Law Offices of Brian W. Collins, APC**
**7745 Boulder Ave, Unit 37**
**Highland CA 92346**
**909-649-6490**
**bcollins@bwcollinslaw.com**

***Counsel for Petitioner***

May 15,2024

**Table of Contents** **Page**

Reply to Brief for Respondent ____________________________5

Argument________________________________________________9

I. The Certification of Facts were Arbitrarily Disregarded______9

II. The Opinion of William Oetgen, M.D.
Should Not Be Relied Upon______________________________12

III. The Opinion of James Diaz, M.D., Is Incomplete___________14

IV. Mark Hyman M.D., Agreed Medical Examiner,
Should Be Followed____________________________________16

V. The Director's Determination is
Not Supported by Substantial Evidence___________________ 17

Conclusion_______________________________________________ 19

**Table of Authorities**

*Amber-Messick v, U.S,*
483 F.3d 1316, 1321 (Fed.Cir.2007)________________________12

*Chevron U.S.A., Inc. v Nat. Res. Def. Council,*
467 U.S. 837, 842-843 (1984)_____________________________12

*Malin v DOJ,*
2015-8001(Fed. Cir. Aug 06, 2015)________________________17

*Moore v DOJ,*
760 F.3d 1369, 1372 (Fed. Cir. 2014)______________________17

*Consolidated Edison Co. of New York v NLRB,*
305 U.S. 197, 229 (1938)________________________________17

*Consolo v. Fed. Mar. Comm'n,*
383 U.S.607, 620 (1966)________________________________17

**Statutes**

18U.S.C. § 202 ________ 13

18U.S.C§1001 ________ 9

18U.S.C§1621 ________ 9

28U.S.C.1746 ________ 9

34U.S.C. § 10225(a)(28) ________ 13

34 U.S.C. §10285(b)(2) ________ 9,12,17

34 U.S.C. §10285(b)(3) ________ 9,12,17

**Regulations**

28C.F.R§32.3 ________ 9

F.C.R.P§47.5 ________ 5

## **Statement of Related Cases**

Pursuant to Federal Circuit Rule of Procedure 47.5, petitioner's counsel states that he is unaware of any other appeal in or from this action that previously was before this Court or any other appellate court under the same or similar title. Petitioner's counsel states that he is unaware of any case pending in this or any other court that may directly affect or be directly affected by this Court's decision in this appeal.

**Reply to Brief for Respondent**

Comes now petitioner Albert Lobo by and through his attorney of record Brian W. Collins with Reply to Brief for Respondent Department of Justice filed April 24, 2024.

It is undisputed that Albert Lobo was employed as a deputy sheriff with rank of Detective Corporal 1997 to April 25, 2010, in California by the San Bernardino County Sheriff Department, last employed in the jail. At that time he contracted pneumonia resulting in sepsis, multiple heart attacks, strokes, coma, DIC, amputations of both legs below the knees, amputation of the left arm at the elbow, amputation of all five fingers from the right hand.

It is undisputed Albert Lobo if 100% Permanently Totally Disabled (PTD) as a result of this injury.

The County of San Bernardino disputed the claim of injury arising out of and occurring in the course of employment (AOE-COE), and the claim for workers compensation benefits. The applicant Al Lobo and defendant County of San Bernardino, both represented by counsel, went to an Agreed Medical Examiner, Mark Hyman M.D., to determine injury AOE-COE, causation, and disability.

Mark Hyman M.D. evaluated Mr. Lobo twice, reviewed and summarized thousands of pages of records, and issued multiple reports.

Dr. Hyman concluded the injury was caused by the employment (Appx 377), “Pneumonia is acquired through direct contact with infected individuals…He had contact with inmates and the inmate population is well known to harbor multiple bacteria. He is not aware of direct contact with anybody in the home environment who had similar difficulties or illnesses. Further upper respiratory infections and pneumonia in a peace officer are presumed to be industrially related. Therefore his pneumonia would be industrially related. Therefore all of his complications would be industrially related”.

Dr. Hyman further stated, “There is no question that the medical probability and preponderance of the evidence clearly argues that this gentleman’s pneumonia was industrially related…But for his work as a public safety personnel in the jails he would not have developed pneumonia when he did”. (Appx295).

The workers compensation case resulted in 100% Permanent Total Disability, reviewed and approved by WCAB Judge Coutts on November 28, 2012. (Appx 73-83).

San Bernardino County Employees Retirement Association (SBCERA) awarded industrial disability retirement, 50% pay tax free for life with a cost of living adjustment, on April 5, 2013. (Appx 535-544).

The California Workers Compensation Appeals Board issued Findings and Award, Opinion on Decision following Reconsideration, finding industrial injury due to pneumonia, 100% Permanent Total Disability, August 1, 2014, (Appx 88-102).

Application for PSOB benefits was made March 6, 2015, (Appx 43-44). Certification of Facts were submitted to the PSOB by elected Sheriff-Coroner of San Bernardino County, John McMahon (Appx 83, 84, 85, 86).

The Bureau obtained a report from MedTrans, LLC which issued a 1.5 page “Preliminary Report” dated October 15, 2015, (Appx 141-142), stating “ the file is devoid of evidence that Mr. Lobo’s illness was work related”. The report was devoid of mention of the thousands of pages of medical records, devoid of mention of any of the six reports from Dr. Hyman, devoid of comment regarding the 100% PTD WCAB Award, or the subsequent Opinion on Decision from the WCAB, or the SBCERA industrial disability retirement. Based only on the 1.5 page “Preliminary Report”, the PSOB denied the case.

Appeals and hearings followed, and the case continued to be denied.

The PSOB/Bureau obtained a report from a different doctor, James Diaz M.D. March 6, 2021, (Appx 617-634). Asked by the respondent, "To identify the external force or factor, e.g. bacteria, …was sufficient to bring about Mr. Lobo's disabling pneumonia". Dr. Diaz stated, "Cannot respond…". Dr. Diaz never said the pneumonia and disability were not work related, and did not state if they were not substantially caused by the employment. Dr. Diaz said, "…his CAP condition may not have been 100% *industrially related* as asserted by Dr. Hyman", (Appx626).

The PSOB/Bureau issued a decision August 18, 2023, denying the claim per the Appendix. The Appendix was dated August 20, 2023 and stated, *"In light of these facts, I find that the claimant sustained an injury within the meaning of the PSOB Act and implementing regulations."* (Appx10).

The Bureau did not pay the benefits. The appeal was timely filed. Respectfully, petitioner requests the Court enforce the laws Congress passed, which the President signed.

## Argument

### I. The Certification of Facts were Arbitrarily Disregarded

Respondent Brief argues the Certification of Facts submitted by Sheriff John McMahon, elected Sheriff of San Bernardino County, should not be considered as required by 34 U.S.C.§ 10285(b)(2) and 34U.S.C.10285(b)(3).

28C.F.R.§32.3, "Certification means a formal assertion of fact (or facts) in writing that is (1) expressly intended to be relied upon by the PSOB determining official in connection with the determination of the claim specifically identified therein; (2) expressly directed to the PSOB determining official; (3)legally subject to the provisions of 18 U.S.C.§§1001(false statements) and 1621(perjury), and 28U.S.C.§1746 (declarations under penalty of perjury), and expressly declares the same to be so; (4) executed by a natural person with knowledge of the fact (or facts) asserted and with legal authority to execute in writing (such as to make the assertion legally that of the certifying party) and expressly declares same (as to knowledge and authority) to be so; (5) In such form as the Director may prescribe from time to time; (6) True, complete and accurate (or at a minimum, not known or believed by the PSOB determining official to contain any material falsehood, incompleteness or inaccuracy); and (7) Unambiguous, precise, unequivocal, in the judgement of the PSOB determining official, as to any fact asserted, any matter otherwise asserted, certified, acknowledged, indicated, or declared, and any provision of this definition."

The four Certification of Fact submitted by Sheriff McMahon, the elected head of the agency and principal legal officer charged with investigating the nature and cause of injury, appear to comply with the regulation, (28C.F.R.§32.3).

All four Certification of Fact (Appx 84; 85; 86;44-45), were (1) intended to be relied upon by the PSOB determining official;(2)expressly directed to the PSOB determining official;(3)legally subject to false statements, perjury;(4) signed personally by the Sheriff in his official capacity; (5) in such a form as the Director may prescribe;(6) true, compete, accurate; and (7) unambiguous, precise, unequivocal.

The Sheriff gathered evidence in support of the PSOB claim from other agencies and tribunals. The Sheriff provided Certification of Facts regarding the circumstances of injuries including multiple medical reports from the Agreed Medical Examiner, Mark Hyman M.D., the WCAB 100% Permanent Total Disability (PTD) Stipulation and Award, the Opinion and Decision After Reconsideration by the WCAB, and the Findings of Industrial Medical Disability Retirement from San Bernardino County Employee’s Retirement Association.

The Respondent Brief (RB17) defends the Bureau discarding the Certification of Fact, based on an incorrect assumption that Sheriff McMahon is not the head of the agency charged with investigating the nature and cause of injury or determining eligibility for death or disability. To the contrary, Sheriff McMahon is in charge. He is the elected principal legal officer of the San Bernardino County Sheriff

Department and charged with investigating disability and death claims in his agency.

Reading each document used as a Certification of Fact, “Typed Name & Title of Employing Agency Head; John McMahon Sheriff,” (Appx44-45). At the top of three other Certification of Fact it is clearly stated: “John McMahon, Sheriff-Coroner, San Bernardino County”, (Appx 84; Appx 85; Appx86). Sheriff McMahon is in charge.

Sheriff McMahon also submitted “Findings of Fact” from quasi-judicial administrative agencies in support of the claim of industrial disability to the PSOB. The County of San Bernardino stipulated to 100% Permanent Total Disability (PTD) (Appx72-83), due to the industrial injury, which was reviewed, approved and awarded by WCAB Judge Coutts. The California WCAB Opinion on Decision after Reconsideration reaffirmed the 100% PTD award for industrial injuries (Appx88-101). The SBCERA award of industrial disability retirement pension was as a result of incapacity as a result of injury or disease arising out of and in the course of the employment.

Sheriff McMahon did not hold any hearings, did not take testimony, did not issue any findings. Instead he gathered the facts from other tribunals and compiled the four Certifications of Fact.

Congress intended the Certification of Fact to be given “Substantial Weight” (34 U.S.C.§10285(b)(2)) and stated “the Bureau shall adopt the factual findings if the factual findings are supported by substantial evidence,” (34 U.S.C.§10285 (b)(3)).

The Bureau wrongfully, arbitrarily, capriciously, abused discretion, acting not in accordance with law, refused to admit or consider the Certifications of Fact and their contents which are substantial evidence, refused to give them any weight, refused to adopt the factual findings contained therein. *Amber-Messick v, U.S,* 483 F.3d 1316, 1321 (Fed.Cir.2007).

The Court is requested to order the Certification of Fact to be given substantial weight and adopted by the Bureau, based on the law, to which Congress has “directly spoken”, *Chevron U.S.A., Inc. v Nat. Res. Def. Council,*467 U.S. 837, 842-843 (1984).

**II. The Opinion of William Oetgen M.D. Should Not Be Relied Upon**

William Oetgen, M.D. electronically signed a 1.5 page “Preliminary Report” from MedTrans LLC, (Appx141-142). MedTrans LLC is located in Virginia. Dr. Oetgen is not licensed to practice medicine in Virginia, although his 21 page resume indicates he is licensed as a medical doctor in Missouri, Maryland, and District of Columbia (Appx149).

William Oetgen M.D. is an employee of the government, under 34U.S.C§10225(a)(28), which allows the Bureau to hire him as a "Special Government Employee" under 18U.S.C.§202. Thus he is an employee of the government, not an "Independent Medical Examiner". The conflict is impermissible.

The reply brief (RB25-26) supports the status of "Special Government Employee" because Dr. Oetgen, "…has been advising the PSOB program since 1986… has advised the PSOB program for decades."

The reply brief (RB 25), pointed out the doctor has the power to "…conduct examinations and receive evidence *at any place the United States, the [Bureau] may designate"*.

However, in this case there was no examination. The report of Dr. Oetgen is devoid of any evidence. Thus the 1.5 page letter is not a report to be relied upon as there was no exam and no evidence.

The PSOB transmittal letter to the doctor is also devoid of any evidence being sent for the examination. (Appx137-140).

At the time of the report being issued, October 14, 2015, there were thousands of pages of documents from the workers compensation case, and the industrial disability retirement, with documentation of injury and Permanent Total Disability found on an industrial basis. But Dr. Oetgen

did not receive or comment on any of that evidence. The report is not reliable based on insufficient facts or data.

The 1.5 page report does not constitute substantial medical evidence and should not have been the basis of a denial of PSOB benefits.

### III. **The Opinion of James Diaz, M.D., Is Incomplete**

James H. Diaz, M.D., is the second physician to evaluate Mr. Lobo at the request of the PSOB.

Dr. Diaz was asked to, "Please identify the external force or factor e.g. bacteria, shown by the record to have been encountered by Mr. Lobo in the course of his work as a deputy sheriff at the detention center, that, by itself, was sufficient to bring about Mr. Lobo's disabling pneumonia and complications." Dr. Diaz answered: "Cannot respond". (Appx618).

Dr. Diaz report is dated March 6, 2021. At that time Dr. Hyman had issued a report dated November 14, 2012, which reviewed "new records from November 2010 which had isolated a pneumococcus as the bacteria which caused Mr. Lobo's severe difficulties."(Appx304-305).Dr. Diaz was provided that report by the PSOB, but his answer was, "Cannot respond".

Dr. Diaz did find "exposure to Streptococcus pneumoniae as the sole causative agent of bacterial CAP contributed to Mr. Lobo's pneumonia

and complications ***to a greater degree than*** any other external force or factor.” (Appx 619-620).

The opinion of Dr. Diaz is consistent with that of the Agreed Medical examiner, Mark Hyman, M.D. (Appx305-305).

Dr. Diaz stated Mr. Lobo may have become colonized by close contact exposure in the community, exposure to his own asymptomatic children, or to exposure to infected children and adolescents also receiving care at the urgent care center, (Appx623). The community, jail, where Mr. Lobo worked 8-10 hours per day, at least 5 days per week, as the source makes sense. The asymptomatic children at home were teenagers, not likely. The exposure at the urgent care, it is important to note that last visit was on March 25, 2010, according to Dr. Hyman’s record summary cited in the report of Dr. Diaz (appx 624), and Mr. Lobo was first treated for pneumonia April 24, 2010 (Appx620), 32 days later, unlikely the urgent care was the source.

Dr. Diaz stated, “his CAP condition may not have been 100% industrially related”, (Appx 620; 623). But he did not discount medical probability of substantial causation on an industrial basis.

## IV. Mark Hyman M.D., Agreed Medical Examiner, Should Be Followed

Dr. Hyman was selected as the Agreed Medical Examiner (AME), chosen by both the applicant attorney and defense attorney in the worker's compensation case, to render an opinion on causation and disability in the California Workers Compensation Appeals Board case. He is a neutral doctor, objective, not an employee of the government or any party with a vested or contingent interest.

Dr. Hyman, co-editor of the textbook "AMA guides to the Evaluation of Disease and Injury Causation", co-authored the chapter on pulmonary condition, and is a Fellow of the International Academy of Independent Medical Evaluators, (Appx295).

Dr. Hyman reviewed and summarized thousands of pages of medical records and determined, "There is no question that the medical probability and preponderance of the evidence clearly argues that this gentleman's pneumonia was industrially related…the analysis of this gentleman's working environment is by far the lead cause for his unfortunate series of circumstances resulting from pneumonia…But for his work as a public safety personnel in the jails, he would not have developed pneumonia when he did",(Appx295).

**V. The Director's Determination is Not Supported by Substantial Evidence**

The Director's Determination is contrary to evidence in the record and is not supported by substantial evidence. The Director Determination, August 18, 2023, (Appx26-27) stated the claim was denied for the reasons "discussed in detail in the attached appendix".

Three days later, August 21, 2023, the Appendix to Director Determination, issued stating, "*In light of these facts, I find the claimant sustained an injury within the meaning of the PSOB Act and implementing regulations."*(Appx10).

The Director's Determination must be reversed because the Bureau did not comply with the statutory requirements of 34U.S.C.§ 10285(b)(2) and (b)(3), arbitrarily and capriciously, and the reports of Dr. Oetgen and Dr. Diaz do not constitute "substantial evidence" on which a reasonable mind might accept as adequate to support a conclusion, (*see, Malin v DOJ,* 2015-8001(Fed. Cir. Aug 06, 2015), citing *Moore v DOJ,* 760 F.3d 1369, 1372 (Fed. Cir. 2014), quoting *Consolo v. Fed. Mar. Comm'n,* 383 U.S.607, 620 (1966), quoting *Consolidated Edison Co. of New York v NLRB,* 305 U.S. 197, 229 (1938).

The evidence does not support the Director's Determination denying the claim. The 1.5 page "Preliminary Report" by Dr. Oetgen was written

without an examination, without a review of any known evidence. Dr. Diaz was inconclusive, stating, "his CAP condition may not have been 100% industrially related", (Appx 620; 623). But he did not discount medical probability or substantial causation on an industrial basis. Dr. Hyman found the cause of injury and disability was industrially related due to the work environment, (Appx295). The WCAB found industrial injury caused 100% PTD, (Appx73-83; 88-102) The SBCERA found industrial disability retirement due to this industrial injury (Appx 535-544). The four Certifications of Fact (Appx 44-45; 84; 85; 86) each supported the payment of the PSOB claim and were required to be admitted in the record based on law, but were arbitrarily excluded. Even the Appendix to the Director's Determination found a compensable claim (Appx10).

The Director's Decision should be reversed.

////

## Conclusion

For the reasons stated above, the Court should reverse the Bureau Director's Decision which denied PSSOB benefits and order the Bureau to award Albert Nelson Lobo benefits under the PSOB Act.

May 15, 2024 Respectfully submitted,

**/s./ Brian Collins**
Attorney for Petitioner Albert Nelson Lobo
Law Offices of Brian W Collins, APC
7745 Boulder Ave, Unit 37
Highland CA 92346
909-649-6490
bcollins@bwcollinslaw.com

## Certificate of Service

I hereby certify that a true and correct copy of the forgoing was filed electronically on May 15, 2024 and will therefore be served upon all counsel.

**/s./ Brian Collins**

Brian Collins

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 29(a)(4) and 32(g), the undersigned counsel for appellant certifies that:

1. This brief complies with the type-volume limitation of Fed. Cir. Rule 32(b)(1) because this brief contains 3167 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because this brief has been prepared using Microsoft Office Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

**/s./ Brian Collins**

Brian Collins